# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RORY ANNA KUSHALL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2215 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                              FEBRUARY 22, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. 11), the court makes the following findings and conclusions:

      1.    On December 28, 2006, Rory Anna Kushall ("Kushall") filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of October 24, 2006. (Tr. 73-75; 79). Throughout the administrative process, including an administrative hearing held on August 7, 2008 before an ALJ, Kushall's claims were denied. (Tr. 9-14; 15-36; 41-45). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Kushall filed her complaint in this court on May 13, 2010. (Tr. 1-3; Doc. No. 1).

      2.    In her September 4, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Kushall had severe bipolar affective disorder and polysubstance dependence disorder; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform simple one to two step job tasks in low stress occupations involving relatively few changes in the work routine and no more than limited contact with coworkers or the general public; (4) Kushall could perform work existing in significant numbers in the national economy; and (5) she was not disabled. (Tr. 9 ¶ 4; 11 Findings 2-4; 14 ¶¶ 3-4; 14 Finding 9).[1]

      3.    This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4.  Kushall raises two arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A.  Kushall first claims that the ALJ failed to adequately consider the testimony from Kushall and her mother or explain her reasons for discounting the credibility of the testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). In the first paragraph of her decision, the ALJ noted that both Kushall and her mother testified at the hearing. (Tr. 9 ¶ 1). Contrary to Kushall's suggestion, the ALJ also explained that she discounted the credibility of Kushall's testimony because Kushall did not appear to be honest regarding her drug use. (Tr. 13 ¶ 3). Indeed, the record is riddled with conflicting statements regarding Kushall's past and present drug use. (Tr. 21; 121; 123; 139; 141; 176; 185; 189; 192; 194; 196; 197; 200; 203). The ALJ specifically noted that Kushall's testimony that she had not used marijuana over the previous seven months was inconsistent with her treatment records and that her mother testified that she was always worried about her daughter's drug use. (Tr. 13 ¶ 3). While additional commentary on the witnesses' testimony would have been helpful and welcome, it is readily apparent that the ALJ considered the testimony of both witnesses. I conclude that the ALJ met her legal duty to consider the testimony and provide a clear explanation for her decision to discount the credibility thereof. See Fargnoli v. Massanari, 247 F.3d 34, 41-42 (3d Cir. 2001).

    B.  Second, Kushall argues that substantial evidence in the record supports the conclusion that she could not engage in work, and, thus, the ALJ's conclusion to the contrary was incorrect. In support of this argument, Kushall recites much of the medical evidence.[2] Her argument appears to be nothing more than an attempt to have this court re-evaluate her case *de novo*, which I am forbidden to do. 42 U.S.C. § 405(g); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). More importantly, Kushall's argument shows a fundamental misunderstanding of the substantial evidence standard. The relevant question is not whether

---

[2] I note that Kushall's citation to certain low GAF scores, alleged episodes of decompensation, and involuntary commitment within the relevant time period is misleading as these events seem to have been precipitated by Kushall's failure to take her prescribed medications. (Tr. 117; 120; 122; 143). I also note that Kushall's allegation that a 50 GAF score is inconsistent with the ability to work is legally incorrect. Gilroy v. Astrue, 351 Fed. App'x 714, 715 (3d. Cir. 2009); Hillman v. Barnhart, 48 Fed. App'x 26, 29 n. 1 (3d Cir. 2002).

substantial evidence supports her argument but rather whether the decision of the ALJ is supported by substantial evidence. Schaudeck, 181 F.3d at 431. Indeed, one could imagine a case in which the record contained substantial evidence to support both the opinions of the ALJ and of the plaintiff. Having fully reviewed the record, I conclude that there is substantial evidence to support the decision of the ALJ.

     5.    After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Kushall was not disabled was legally sufficient and supported by substantial evidence. As a result, Kushall's request for relief must be denied and the decision must be affirmed.

     An appropriate Order follows.